Mr. Joseph F. Dolan Executive Director Department of Revenue State Capitol Annex 1375 Sherman Street Denver, Colorado 80203
Dear Mr. Dolan:
This is in response to your letter requesting an opinion on the confidentiality of local sales tax information.
QUESTION PRESENTED AND CONCLUSION
Specifically, you inquired as to whether the Department of Revenue, as collection agents for locally-imposed sales taxes, can release individual taxpayer information to counties and statutory cities.
 The Department of Revenue should stay within the law, and only provide general, non-confidential taxpayer information and statistics.
ANALYSIS
Local jurisdictions are authorized to impose a sales tax by C.R.S. 1973, 29-2-101 et seq. The Department of Revenue is designated by C.R.S. 1973, 29-2-106(1) to collect, administer and enforce any county or city sales tax "in the same manner" as the Colorado state sales tax. The provisions of C.R.S. 1973, 39-26-101 et seq. govern the collection, administration and enforcement of the state sales tax, and unless otherwise provided, county and city sales taxes. (C.R.S. 1973,29-2-106(1)).
Article 26 of title 39, C.R.S. 1973, does not itself contain any provisions dealing with the confidentiality of such sales tax information.
Confidentiality is imposed by C.R.S. 1973, 39-21-113(4)(a) which prohibits the executive director of the Department, his agents, clerks and employees from divulging information disclosed in any document, report, or return filed in connection with any tax covered by article 21, including sales tax (C.R.S. 1973,39-21-102).
The statutory provisions authorizing counties and cities to impose a sales tax are silent as to confidentiality. There is one exception, contained in C.R.S. 1973, 29-2-106(6), for home rule cities. This provision permits the executive director, in his discretion, to exchange certain information with the proper official of any home rule city imposing a sales tax. There is no similar provision for counties and statutory cities. It must be presumed that in the absence of any similar language for counties and statutory cities, the confidentiality provision for the state sales tax, C.R.S. 1973, 39-21-113(4)(a), extends to the Department's efforts to collect, enforce and administer the sales taxes of the various counties and statutory cities.
Further, the statutory scheme does not directly extend the penalties for divulging confidential taxpayer information to local officials. There appears to be no statutory prohibition imposed on local officials preventing them from disclosing individual taxpayer information.
It is, therefore, my opinion that the confidentiality provisions of C.R.S. 1973, 39-21-113(4)(a) would prohibit the Department from disclosing "any information disclosed in any document, report, or return filed in connection with" the sales and use tax imposed by counties and statutory cities, "except in accordance with judicial order or as otherwise provided by law."
The practical results of this opinion are perhaps undesirable from a local official's perspective. However, in terms of advising you on your legal responsibilities and liabilities, you should stay within the law, and only provide general, non-confidential taxpayer information and statistics.
SUMMARY
The Department of Revenue, as collection agent for locally-imposed sales taxes, cannot release individual taxpayer information to counties and statutory cities.
Very truly yours,
 J.D. MacFARLANE Attorney General
TAXATION AND REVENUE
C.R.S. 1973, 29-2-101
C.R.S. 1973, 29-2-106(1) C.R.S. 1973, 39-26-101
C.R.S. 1973, 39-21-113(4)(a) C.R.S. 1973, 39-21-102
C.R.S. 1973, 39-21-113
REVENUE, DEPT. OF Taxation, Div. of
The Department of Revenue, as collection agent for locally-imposed sales taxes, cannot release individual taxpayer information to counties and statutory cities. (This opinion has been superseded by C.R.S. 1973, 29-2-106(4)(c)(I).)